Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| DAMARIS NIEVES SANTIAGO, ETC.<br><br>PETICIONARIOS<br><br>V.<br><br>MAPFRE PRAICO INSURANCE COMPANY<br><br>RECURRIDOS | KLCE202400689 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil Núm.: BY2022CV06465<br><br>Sala:401<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Alvarez Esnard, y la Jueza Díaz Rivera.

Brignoni Mártir, Juez Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 27 de junio de 2024.

Comparecen ante nos, Damaris Nieves Santiago, Roberto Navarro y la Sociedad Legal de Gananciales compuesta por ambos, h/n/c Tentaciones y Algo Más, (en adelante, en conjunto, "la parte peticionaria"). Sus comparecencias son a los fines de solicitar nuestra intervención para que dejemos sin efecto la determinación emitida el 12 de junio de 2024 y notificada el 21 de junio de 2024, por el Tribunal de Primera Instancia, Sala Superior de Bayamón. Mediante el referido dictamen, el foro recurrido, entre otras cosas, dispuso la culminación del descubrimiento de prueba en un periodo de diez (10) días, y expresó que ya no permitiría a las partes la presentación de prueba pericial. Todo, dentro de un pleito civil de daños y perjuicios en contra de Mapfre Praico Insurance Company (en lo sucesivo, "Mapfre").

Por los fundamentos que expondremos, *denegamos* el recurso presentado.

Número Identificador
RES2024 _____

**I.**

El 20 de diciembre de 2022, la parte peticionaria, presentó la "*Demanda*" de epígrafe. Adujo, que realizaba negocios en dos (2) locales sitos en los pueblos de Vega Alta y Naranjito. Agregó, que, dado a los estragos ocasionados por el Huracán María en la fecha del 20 de diciembre de 2017, ambos locales tuvieron daños estructurales, y hubo deterioro de la mercancía que se almacenaba en ellos. Alegó, que para la fecha del referido huracán tenía vigente una póliza de seguros de propiedad expedida por Mapfre. A esos efectos, le reclamó a dicha aseguradora los daños ocurridos en sus locales. Sin embargo, sostuvo que Mapfre incumplió con su obligación contractual de cubrir los daños de sus propiedades. Por lo cual, solicitó al foro recurrido que ordenara a Mapfre el pago de $485,000.00; costas; gastos; interés legal; y honorarios de abogado en su favor.

Luego de varios trámites procesales que no son pertinentes al asunto que nos ocupa, el 17 de mayo de 2023, Mapfre presentó una "*Contestación a Demanda*." En esencia, aceptó la existencia de una póliza de seguros de propiedad expedida a favor de la parte peticionaria. Agregó, que dicha póliza cubría los locales de la referida parte de los daños que fueran ocasionados por tormenta, viento o huracán. No obstante, contrario a lo argüido por la parte peticionaria, argumentó que investigó, estimó y ajustó los daños que dicha parte había alegado. Expresó, que a esos efectos le cursó a la aludida parte un cheque por la cantidad de $5,130.00. Además, planteó que la reclamación de la parte peticionaria estaba prescrita, toda vez que, fue presentada fuera del término acordado en la póliza de seguro. En virtud de ello, solicitó al foro recurrido que declarara *No Ha Lugar* la "*Demanda*" incoada por la parte peticionaria. En consecuencia, le ordenara a dicha parte el pago de costas, gastos y honorarios de abogado.

Tras varias incidencias procesales que no son necesarias de pormenorizar, el 31 de mayo de 2024, la parte peticionaria presentó una

"*Solicitud de Orden.*" En síntesis, solicitó al foro recurrido que ordenara al Centro de Recaudaciones de Ingresos Municipales (en lo sucesivo, por sus siglas, "CRIM"), que expidiera una copia certificada de sus Planillas de Propiedad Mueble para los años 2013-2017. Dicho requerimiento, se realizó a los fines de que se pudiera llevar a cabo un análisis forense por un Contador Público, y de esta manera lograr estimar el inventario objeto de su reclamación. Argumentó, que había solicitado las planillas en el mes de febrero de 2004. Añadió, que, en la misma fecha del 31 de mayo de 2024, acudió a las instalaciones del CRIM para darle seguimiento a su solicitud. Sin embargo, no pudo obtener información sobre ello.

En la misma fecha de presentada la referida petición, el tribunal de instancia, emitió una "*Orden.*" Mediante esta, declaró *Ha Lugar* la solicitud de la parte peticionaria. Acto seguido, el 12 de junio de 2024, se celebró una vista intitulada "*Status Conference.*" Posteriormente, el 21 de junio de 2024, se notificó la "*Minuta*" de dicha vista. En la referida "*Minuta*" se esbozaron las siguientes determinaciones del tribunal de instancia:

> El descubrimiento de prueba culmina en el término de 10 días.
>
> Se señala la Conferencia con Antelación al Juicio y Vista Transaccional para el 31 de julio de 2024 a las 9:00 de la mañana de forma presencial.
>
> Se le concede el término de 5 días a la parte demandante para enviar la contestación del interrogatorio a la parte demandada.
>
> Se le tomará la deposición a la parte demandante el 17 de junio de 2024 a la 10:00 de la mañana.
>
> Ya no se va a permitir perito por ninguna de las partes.
>
> La Sra. Damaris Nieves Santiago deberá comparecer a la vista.
>
> Con relación a MAPFRE tiene que estar disponible un representante mediante llamada telefónica el día de la vista para cualquier oferta.

En desacuerdo, el 21 de junio de 2024, la parte peticionaria presentó ante nos un recurso de *certiorari.*[1] En este esbozó el siguiente señalamiento de error:

> **ERRO EL TRIBUNAL DE PRIMERA INSTANCIA SALA DE BAYAM[Ó]N, AL EMITIR UNA ORDEN DONDE SE DA POR CONCLUIDO EL DESCUBRIMIENTO DE PRUEBA Y SE ELIMINA EL USO DE PRUEBA PERICIAL POR LOS DEMANDANTES.**

**II.**

**A.    *Certiorari:***

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023). Art. 670 del Código de Enjuiciamiento Civil de 1933, conocido como Ley de Recursos Extraordinarios, 32 LPRA sec. 3491. La característica distintiva del *certiorari* "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". Íd. Ahora bien, el ejercicio de esta discreción no es absoluto. Por ello, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece una serie de instancias en las que los foros apelativos pueden ejercer su facultad revisora:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

De igual modo, la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, delimita los criterios para la expedición de un auto de

---

[1] Destacamos, que el recurso de *certiorari* se presentó a las 4:26 pm. Mientras que la determinación que revisamos se notificó a las 4:06 p.m. Entiéndase, con anterioridad a la presentación del recurso que nos ocupa. Por lo cual, fue una presentación oportuna.

*certiorari.* Así pues, estas consideraciones "orientan la función del tribunal apelativo intermedio para ejercer sabiamente su facultad discrecional". *Rivera et al. v. Arcos Dorados et al.,* supra. La aludida regla permite que el análisis del foro apelativo intermedio no se efectúe en el vacío ni se aparta de otros parámetros al momento de considerar los asuntos planteados. Íd.; *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 848 (2023); *800 Ponce de León v. American International*, 205 DPR 163, 176 (2020). De conformidad con lo anterior, la Regla 40, supra, dispone los siguientes criterios:

**A.** Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

**B.** Si la situación de hechos planteada es la más indicada para el análisis del problema.

**C.** Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

**D.** Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

**E.** Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

**F.** Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

**G.** Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B.

Los foros revisores no debemos intervenir en las determinaciones de hechos del tribunal de instancia, "salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto. *Citibank v. ACBI,* 200 DPR 724, 736 (2018). Esta norma permite que el foro primario actúe conforme a su discreción judicial, que es la facultad que tiene "para resolver de una forma u otra, o de escoger entre varios cursos de acción". Id. pág. 735; *Graciani Rodríguez v. Garage Isla Verde, LLC*, 202 DPR 117, 132 (2019). El ejercicio esta discreción "está inexorable e indefectiblemente atado al

concepto de la razonabilidad". Id.; *Pueblo v. Hernández Villanueva*, 179 DPR 872, 890 (2010). Así pues, "la discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". Id.; *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016). No obstante, un tribunal incurre en abuso de discreción cuando ignora sin fundamento un hecho material, concede demasiado peso a un hecho inmaterial, y fundamenta su determinación en ese hecho irrelevante, o cuando a pesar de examinar todos los hechos del caso hace un análisis liviano y la determinación resulta irrazonable. Id. pág. 736. En esos casos, los foros apelativos ostentamos la facultad discrecional para expedir el recurso de *certiorari* y ejercer nuestra función revisora.

**III.**

En síntesis, la parte peticionaria sostiene que el foro recurrido abusó de su discreción al dar por concluido el descubrimiento de prueba, y eliminar la posibilidad de que pudieran utilizar prueba pericial.

Es sabido, que los jueces de instancia tienen una gran flexibilidad y discreción para manejar los asuntos judiciales ante su consideración. Véase, *Banco Popular de Puerto Rico v. Gómez Alayón y otros*, 2023 TSPR 145. Dicha discreción, se extiende al ámbito del descubrimiento de prueba, para de esta manera lograr una solución justa, rápida y económica del caso. Véase, *Rivera et al. v. Arcos Dorados et al.,* supra. Al ser así, los foros apelativos debemos evitar manejar el trámite ordinario de los casos que se ventilan ante el tribunal de instancia. Por versar el presente recurso de una cuestión de manejo de un caso incoado en el 2022, para la cual el foro recurrido tiene amplia discreción, y al no demostrarse que su actuación constituye prejuicio, parcialidad, error manifiesto o abuso de la discreción que le asiste, nos abstenemos de intervenir con su criterio. Ante ello, y en virtud de la Regla 40 de este Tribunal, *denegamos* el presente auto de *certiorari.*

**IV.**

Por los fundamentos expuestos, *denegamos* en recurso de *certiorari* presentado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones